UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| TODD WILLIAM ORTH, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 0:14-006-HRW |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| MICHAEL SEPANEK, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

Todd William Orth ("Orth") is an inmate currently confined in the Federal Correctional Institution located in Ashland, Kentucky. Orth, proceeding *pro se*, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his enhanced sentence. [R. 1] For the reasons stated below, Orth is not entitled to relief under § 2241, and the Court will deny his petition and dismiss this proceeding.

The Court conducts an initial review of habeas petitions. 28 U.S.C. § 2243; *Alexander v .N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition must be denied "if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts

(applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Orth's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Orth's factual allegations as true, and construes all legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## ORTH'S CRIMINAL CONVICTION

On July 23, 2008, Orth was indicted by a federal grand jury in Iowa for having knowingly traveled in interstate commerce for the purpose of engaging in sexual acts with a female minor who had not yet attained the age of sixteen years, and who was at least four years younger than himself, all in violation of 18 U.S.C. §§ 2423(b) & (f), 2243(a), and 2246. [See *United States v. Todd William Orth,* No. CR 08-2014 (N.D. Iowa 2008) (R. 1 therein)] Orth initially pled not guilty to these charges, but prior to trial, Orth entered into a plea agreement with the government and pled guilty thereto. Orth was sentenced on February 11, 2009, and received an 87-month sentence of imprisonment, to be followed by a 15-year period of supervised release. [*Id.*, at R. 30 therein]

Orth did not file a direct appeal, but on June 15, 2009, he moved the trial court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §

2255. [See *Todd William Orth v. United States*, No. C09-2027 (N.D. Iowa 2009) (R. 1 therein)] Orth claimed that the enhanced portion of his sentence was illegal, and he requested the court to reduce his sentence by 41 months. Upon the full briefing of that motion, on June 27, 2012, the trial court denied Orth's § 2255 motion and concluded that he was not entitled to a certificate of appealability. [*Id.,* at R. 12] Orth appealed, but the Eighth Circuit Court of Appeals also denied him a certificate of appealability. [*Id.,* at R. 21] On January 13, 2014, Orth filed the present petition for habeas relief under § 2241. [R. 1]

## CLAIMS ASSERTED IN THE § 2241 PETITION

Orth claims that when imposing an enhanced sentence, the trial court simply accepted the statements made in his presentence report without making the findings of fact and conclusions of law that are required by Fed. R. Crim. P. 32 and that such procedure deprived him of due process. He further claims that the victim in this case was not a "vulnerable victim" within the meaning of the law and that the trial court erred by enhancing his sentence on that basis. He requests that the court's finding that the victim was vulnerable be vacated and that the 24-month enhancement of his sentence under the "vulnerable victim" sentencing guideline be vacated and set aside. Orth also requests that consistent with *United States v. Quinn*, 698

3

F.3d 651 (7th Cir. 2012), his 15-year period of supervised release be vacated and that his case be remanded for resentencing with a lower period of supervised release.

Orth submits that he is entitled to proceed with this § 2241 petition because in his plea agreement, he waived his right to appeal his conviction; thus, he is unable to seek relief under 28 U.S.C. § 2255, rendering § 2255 inadequate and ineffective. Therefore, he argues that he qualifies to seek relief in this § 2241 petition under the safety valve afforded by 28 U.S.C. § 2255(e).

Orth's claims, challenging his enhanced sentence, including his period of supervised release, are not cognizable in this § 2241 proceeding. As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence, *i.e.*, the Bureau of Prisons' calculation of sentence credits or other issues affecting the length of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The United States Court of Appeals for the Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition

>of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). Therefore, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241.

The "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner is permitted to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply if a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756.

A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, as the Sixth Circuit has explained, a prisoner generally must "show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings

5

clause." *Enigwe v. Bezy*, 92 F. App'x 315, 317 (6th Cir. 2004). Further, a prisoner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). Orth has pointed to no such change in the law. He simply seeks to raise this claim in a § 2241 petition because he has been denied a certificate of appealability and because he is now procedurally barred from raising his claims in a § 2255 motion; neither of these reasons is sufficient as a matter of law to establish that his remedy under § 2255 is "inadequate or ineffective." "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756. Because Orth has not established that his § 2255 motion was "inadequate or ineffective to test the legality of his detention," he has failed to demonstrate that he is entitled to proceed under § 2241. The Court will dismiss his petition.

## CONCLUSION

For the reasons discussed above, it is hereby **ORDERED** as follows:

1. Petitioner Todd William Orth's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This 21st day of May, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge